IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

NIKKITA MONTOYA and ELIZABETH MONTOYA,

    Plaintiffs,

    v.                                              Civ. No. 09-1068 BB/RLP

NEW MEXICO DEPARTMENT OF PUBLIC
SAFETY, FARON SEGOTTA in his capacity as Chief
of the New Mexico State Police Division of the
Department of Public Safety, and JOHN LYTLE, in his
capacity as a New Mexico State Police Officer,

    Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for consideration of a motion for partial summary judgment filed by Defendants (Doc. 8). The motion seeks dismissal of the state-law claims Plaintiffs have brought under the New Mexico Tort Claims Act ("TCA"). Having reviewed the submissions of the parties and the relevant law, the Court finds that the motion for summary judgment should be granted.

**Summary of Relevant Facts**

On October 4, 2006, Plaintiff Nikkita Montoya was arrested pursuant to an arrest warrant obtained as a result of an arrest-warrant affidavit submitted by Defendant Lytle. Also on October 4, 2006, a petition was filed alleging that Nikkita was a delinquent child who had committed the act of conspiracy to traffic a controlled substance. Nikkita was held in custody until October 5, 2006. On October 13, 2006, the State of New Mexico dismissed the delinquency petition, "pending further investigation." Almost three years later, on October 5, 2009, Plaintiffs filed a complaint in state court raising claims of federal civil-rights violations as well as state-law claims brought pursuant to the TCA, NMSA §§ 41-4-1 to -29. Defendants removed the case to this

Court, and have filed a motion for summary judgment seeking dismissal of all the state-law claims.

**Standard of Review**

Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Medina v. Income Support Div.*, 413 F.3d 1131, 1133 (10th Cir. 2005) (quoting Fed. R. Civ. P. 56(c)). In response, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith*, 475 U.S. 574, 587-88 (1986). To avoid summary judgment, the nonmoving party may not rest upon the mere allegations in the pleadings but must show, at a minimum, an inference of the existence of each essential element of the case. *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1016-17 (10th Cir. 2001) (citing *Hulsey v. K-Mart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)). When viewing the evidence, the Court must draw reasonable inferences in favor of the non-moving party. *Matsushita*, 475 U.S. at 587.

**Discussion**

Defendants maintain the statute of limitations has run on Plaintiffs' state-law claims. They point out that under the TCA, the limitations period is two years, and Plaintiffs filed their lawsuit long after the two-year period expired. NMSA § 41-4-15(A). In response, Plaintiffs concede the application of the two-year limitations period. However, they argue that because the petition was dismissed without prejudice and could be re-filed at any time, the state-law torts they have alleged are continuing torts. For that reason, according to Plaintiffs, the limitations period has not expired as to any of the alleged torts. Plaintiffs' argument is not persuasive.

Since the analysis differs with respect to certain of the alleged torts, the Court will address each of them in turn.

The first state-law tort alleged by Plaintiffs is their claim for libel, slander, and defamation. Plaintiffs allege that Defendant Lytle falsely accused Nikkita of conspiring to traffic in a controlled substance, in the arrest-warrant affidavit he submitted. This claim must be dismissed because, contrary to Plaintiffs' argument, libel, slander, and defamation are not continuing torts. *See Andersen v. Haynes*, 2009 WL 2591277 (N.D. W.Va. 2009) (although criminal charges filed by officer remained pending for a year, they were only filed once; therefore continuing-tort doctrine has no applicability to plaintiff's claims for libel and defamation); *Texas Disposal Sys. Landfill, Inc. v. Waste Management Holdings, Inc.*, 219 S.W.3d 563, 588 (Tex. App. 2007) (noting that plaintiff cited no authority for the proposition that the continuing-tort doctrine applies to defamation claims, and that the court's research had uncovered only contrary authority); *Atkinson v. McLaughlin*, 462 F.Supp.2d 1038, 1050 (D. N.D. 2006) (plaintiff failed to cite any case from any jurisdiction in which continuing-tort doctrine was applied to libel and slander cases; opinion cites several cases rejecting such application). The claims for libel, slander, and defamation accrued at the latest when Nikkita was arrested and Plaintiffs necessarily found out about the allegedly defamatory statements. *See Andersen*. Thus, the two-year limitations period for these claims expired long before Plaintiffs filed this lawsuit.

Plaintiffs next raise state-law claims for false arrest and false imprisonment. In some situations false imprisonment may be a continuing tort, and in some jurisdictions false arrest is also. *See, e.g., Newton v. City of New York*, 566 F.Supp.2d 256, 278, n. 145 (S.D. N.Y. 2008); *Heron v. Strader*, 761 A.2d 56, 62 (Md. 2000). Unfortunately for Plaintiffs, even as continuing torts these claims accrue at the time the restraint ends, when the individual is released from custody. *See Newton; Heron* (citing numerous cases from various jurisdictions). It is irrelevant

if criminal proceedings are continuing, or may be commenced in the future, as long as the imprisonment has ceased. *Id.* In this case, therefore, Plaintiffs' causes of action for false imprisonment and false arrest accrued no later than October 5, 2006, the date Nikkita was released from custody. Therefore, the limitations period as to those claims has expired.

Plaintiffs have also raised a claim for malicious abuse of process. In New Mexico, a cause of action for malicious abuse of process accrues immediately upon the improper use of process. *Mata v. Anderson*, __ F.Supp.2d __, 2010 WL 520277 (D. N.M. 2010). This is because a plaintiff in New Mexico does not have to wait for a successful resolution of the underlying action before bringing a claim of malicious abuse of process. *See id.*, citing *Devaney v. Thriftway Mktg. Corp.*, 953 P.2d 277, 286 (N.M. 1997), *overruled on other grounds, Durham v. Guest*, 204 P.3d 19 (N.M. 2009). The only abuse of process alleged in this case is the use of Defendant Lytle's arrest-warrant affidavit to obtain a warrant and to initiate the filing of the delinquency petition. Therefore, the malicious-abuse-of-process cause of action accrued at the latest on October 13, 2006, when the delinquency petition was dismissed.[1] The fact that a new delinquency petition may be filed in the future does not affect this analysis; if the new petition is not supported by probable cause, a new cause of action for malicious abuse of process will accrue. Again, this cause of action is time-barred.

Plaintiffs allege claims for negligent infliction of emotional distress ("NIED") and intentional infliction of emotional distress ("IIED"). Under circumstances involving a pattern of continuing and ongoing tortious conduct, these torts may be considered continuing torts. *See, e.g., Cabaness v. Thomas*, __ P.3d __, 2010 WL 135192 (Utah 2010). However, the cause of

---

[1]It is actually more likely that the cause of action accrued on October 4, 2006, when the petition was filed, as that appears to be the last use of "process" of any kind. However, the Court need not decide that issue and has given Plaintiffs the benefit of the doubt by using October 13 as the date of accrual.

4

action accrues and the limitations period begins to run at the time the last allegedly tortious act is committed. *See id.*; *see also Johnson v. McPhee*, 210 P.3d 563, 571 (Idaho App. 2009). In their complaint, Plaintiffs allege that the last tortious act occurred no later than October 4, 2006, when the delinquency petition was filed. Plaintiffs cannot rely on the fact that a new tortious act may be committed in the future, if another delinquency petition is filed containing allegedly false information. Therefore, this cause of action is also time-barred.[2]

The only other state-law claim mentioned in the complaint is a claim for negligent training and supervision. However, such a claim does not stand alone under the TCA. Instead, a cause of action for negligent training and supervision exists only if the negligence alleged has caused the commission of one of the wrongful acts enumerated in Section 41-4-12 of the TCA, such as false arrest or false imprisonment. *See McDermitt v. Corrections Corp. of America*, 814 P.2d 115, 116-17 (N.M. App. 1991). In other words, a claim for negligent training and supervision under the TCA is derivative of the underlying wrongful act, and does not exist in the absence of such an enumerated wrongful act. The only such enumerated wrongful acts alleged in Plaintiffs' complaint are those discussed in the preceding paragraphs, all of which were committed on or before October 5, 2006. It would be illogical if a claim for negligently causing a certain tort to be committed had a later accrual date than the actual tort that was committed. In other words, any negligent training and supervision that occurred necessarily did so before the underlying torts were committed, since the cause of an event always precedes the event itself. Therefore, the cause of action for negligent training and supervision accrued no later than October 5, 2006. *See, e.g., John Doe 1 v. Archdiocese of Milwaukee*, 734 N.W.2d 827, 838-39 (Wis. 2007) (claims of negligent supervision of certain priests were derivative of the underlying

---

[2] The Court notes also that the TCA does not appear to waive immunity for the torts of NIED and IIED. Since these claims are being dismissed on statute-of-limitations grounds, the Court need not address the waiver-or-immunity question.

sexual molestations by the priests, and therefore accrued at the time of the last incident of sexual assault committed by the priests). This claim is also time-barred.

**Conclusion**

All of Plaintiffs' state-law claims are barred by the two-year limitations period mandated in the TCA. Therefore, all of those claims will be dismissed.

## ORDER

A Memorandum Opinion having been entered this date, it is hereby ORDERED that the motion for summary judgment filed by Defendants (Doc. 8) be, and hereby is, GRANTED.

Dated this 30th day of March, 2010.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE